**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Martin McGhee, et al., | No. CV-20-08081-PCT-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Flagstaff, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Amended *Ex Parte* Motion for Temporary Restraining Order Without Notice and Application for Order to Show Cause Re: Issuance of a Preliminary Injunction Against Defendants (Doc. 1-4) and Defendants' Notice of Pending Motion and Request for Case Status Conference (Doc. 5). The Court denies Plaintiff's Motion (Doc. 1-4) without prejudice and therefore finds Defendants' Notice (Doc. 5) moot.

## BACKGROUND

Plaintiffs are former employees of unnamed restaurants located in Flagstaff, Arizona. Plaintiffs initiated this action in Coconino County Superior Court alleging that Defendants Governor Doug Ducey, in his official capacity, Mayor Coral Evans, in her official capacity, and the City of Flagstaff deprived Plaintiffs of their constitutional rights by declaring and enforcing state and local emergencies in response to the COVID-19 pandemic. The action was timely removed to this Court on April 8, 2020.

While the action was pending in the Coconino County Superior Court, Plaintiffs

filed a document titled "Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order Without Notice and Application for Order to Show Cause Re: Preliminary Injunction." (Doc 1-7 at 22-68.) The state court issued an Order on March 20, 2020 denying the motion and application. (Doc. 1-7 at 78-81.) On March 24, 2020 Plaintiffs filed a second document titled "Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order Without Notice and Application for Order to Show Cause Re: Preliminary Injunction." (Doc. 1-9 at 76-92.) On March 26, 2020, the state court denied the March 24 motion and application. (Doc. 1-6.) On March 25, 2020, Plaintiffs filed a third document titled "Plaintiffs' Amended *Ex Parte* Motion for Temporary Restraining Order Without Notice and Application for Order to Show Cause Re: Issuance of a Preliminary Injunction Against Defendants" (the "Present Motion") (Doc. 1-4; Doc 1-5.) The Present Motion was not addressed by the state court and remains pending before this Court upon removal.

In the Present Motion, Plaintiffs request that the Court (1) restrain "Defendant Ducey from enforcing any provisions of Executive Order # 2020-009, related to public establishments"; (2) restrain "Defendants Flagstaff and Evans from enforcing any provisions of Defendant Evans' Proclamation Under Declaration Of Emergency Dated March 15, 2020, related to public establishments"; and (3) enter an Order to Show Cause why a preliminary injunction enjoining Defendants should not be issued. (Doc. 1-4 at 3.)

**DISCUSSION**

The Court may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).  The issuance of *ex parte* temporary restraining orders is "extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415

1  U.S. 423, 438–39 (1974)).

2  In the Present Motion, Plaintiffs do not present specific facts to clearly show that irreparable injury will likely result to Plaintiffs before Defendants can be heard in opposition. Plaintiffs merely claim they are at "substantial risk" of eviction, damaged credit, loss of child custody, and emotional injuries. No facts demonstrating the likelihood or imminence of these alleged potential injuries are provided. Moreover, Plaintiffs plainly fail to provide any reason why notice should not be required. Because Plaintiffs failed to comply with requirements of Rule 65(b), the Present Motion is denied.

**IT IS HEREBY ORDERED** that Plaintiffs' Amended *Ex Parte* Motion for Temporary Restraining Order Without Notice and Application for Order to Show Cause Re: Issuance of a Preliminary Injunction Against Defendants, (Doc. 1-4), is **DENIED** without prejudice. The Court will not consider the request for a temporary restraining order until all defendants are served notice and have an opportunity to respond, or until Plaintiff complies with Fed. R. Civ. P. 65(b) and presents specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

**IT IS FURTHER ORDERED** finding that Defendants' Notice of Pending Motion and Request for Case Status Conference (Doc. 5) as moot.

Dated this 15th day of April, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge