Joseph Martin McGhee
P.O. Box 91
Flagstaff, AZ 86002
(928) 600-0954
mcghee.v.city.of.flagstaff.et.al@gmail.com
Plaintiff, *in Pro Per*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Martin McGhee,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>The City of Flagstaff; Coral Evans, Sued in her Official Capacity as Mayor of the City of Flagstaff; Doug Ducey, Sued in his Official Capacity as Governor of the State of Arizona,<br><br>　　　　Defendants. | No. 20-CV-08081-GMS<br><br>**NOTICE AND MOTION TO STRIKE DEFENDANTS CITY OF FLAGSTAFF AND MAYOR CORAL EVANS' DEMAND FOR JURY TRIAL AND MEMORANDUM IN SUPPORT**<br><br>Assigned to the Hon. G. Murray Snow |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT Plaintiff Joseph Martin McGhee hereby moves for an Order striking Defendants City of Flagstaff and Mayor Coral Evans' demand for jury trial.

This Motion is based upon this Notice And Motion, the Memorandum below, and the [Proposed] Order. Plaintiff certifies that this Motion complies with LRCiv 7.2(m).

## II. MEMORANDUM

**A.　Statement of Facts**

1

On March 25, 2020, Plaintiff filed suit in Coconino County Superior Court against Defendants under 42 U.S.C. §1983 ("§1983") alleging that Defendants' actions related to their COVID-19 declarations of emergency have violated Plaintiff's constitutional rights. On April 7, 2020, Plaintiff filed an Affidavit Of Service As To All Defendants in Coconino County Superior Court. On April 8, 2020, Defendants timely filed a Notice Of Removal. On April 21, 2020, Defendants the City of Flagstaff and Mayor Coral Evans timely filed a Demand For Jury Trial.

**B.   Argument:   Defendants Have No Right To Trial By Jury**

There is a constitutional right under the Seventh Amendment to a jury trial in suits for relief in the form of money damages. See *Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir. 1990). This right includes certain suits brought under federal civil rights laws. See *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1426-27 (9th Cir. 1996)(a party seeking monetary damages in § 1983 action has a right to a trial by a jury).

Where there is no claim for monetary damages and the relief sought is strictly equitable, then the right to a jury trial exists only if explicitly granted by statute. When neither of these conditions apply then there is no right to trial by jury.

**1.   Plaintiff's §1983 Claim Is For Equitable Relief Only**

Plaintiff seeks only declaratory and injunctive relief. When no monetary damages are sought then there is generally no right to a jury trial. See e.g. *Thomas v. Or. Fruit Products Co.*, 228 F.3d 991, 997 (9th Cir. 2000)(no right to a jury trial in an ERISA case because the remedies are equitable in nature); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) (no right to a jury trial for a retaliation claim brought pursuant to the Americans with Disabilities Act because such claims seek equitable relief); *Toyota Motor Sales U.S.A., Inc. v. Tabari*, 610

F.3d 1171, 1183-84 (9th Cir. 2010)(no right to a jury trial on equitable defenses to trademark claims or counterclaims seeking a declaration of trademark invalidity and non-infringement); *SEC v. Rind*, 991 F.2d 1486, 1492-93 (9th Cir. 1993)(no right to jury trial in an action for disgorgement of profits because is equitable in nature even though it is a claim for payment of money).

Whereas Plaintiff seeks equitable relief only and does not seek monetary damages, Defendants therefore have no Seventh Amendment right to a jury trial.

### 2. §1983 Does Not Specifically Provide For A Jury Trial

A jury trial is available in actions to enforce statutory rights when the statute provides for a jury trial. Where a statute does not explicitly provide for a jury trial, the Seventh Amendment applies only in suits for monetary damages. See *Feltner v. Columbia Pictures Television, Inc.* 523 U.S. 340, 346-55 (1998)(holding that in a claim for claim for statutory damages and where a statute is silent as to the right of jury trial, there is a Seventh Amendment right to jury trial) ("[T]here is clear and direct historical evidence that juries, both as a general matter and in copyright cases, <u>set the amount of damages awarded</u> to a successful plaintiff.")(emphasis added).

Whereas 42 U.S.C. §1983 neither explicitly nor implicitly grants the right to trial by jury, Defendants therefore have no such statutory right.

### III. RELIEF REQUESTED

Because the Defendants have neither a statutory nor constitutional right to a jury trial for the claims asserted by Plaintiff, their Demand is not authorized by statute. Plaintiff therefore respectfully requests the Court, pursuant to Federal Rules of Civil Procedure 39(a)(2), strike

entirely Defendants City Of Flagstaff And Mayor Coral Evans' Demand For Jury Trial.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter the attached [Proposed] Order granting the relief as requested in this Motion.

Dated: April 21, 2020

By: /s/ *Joseph M. McGhee*  
Joseph Martin McGhee  
P.O. Box 91  
Flagstaff, AZ 86002  
(928) 600-0954  
mcghee.v.city.of.flagstaff.et.al@gmail.com  
Plaintiff, *in Pro Per*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 21, 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

  /s/ *Joseph Martin McGhee*